**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANGEL FERNANDEZ DIAZ** | **CIVIL ACTION NO. 26-1168** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE ALEXANDER C. VAN HOOK** |
| **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Angel Fernandez Diaz, a detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement proceeding pro se, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

On April 29, 2026, the undersigned ordered Petitioner to amend his petition and provide specific information. [doc. # 6]. The undersigned cautioned that the Court may dismiss Petitioner's petition if he failed to comply. *Id.* To date, Petitioner has not filed an amended petition.[1]

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

[1] Under the standing orders of this Court, the Office of the Federal Public Defender was provisionally appointed, but has since withdrawn, and Petitioner proceeds pro se.

Here, Petitioner has failed to comply with the Court's April 29, 2026 Order by the deadline. Accordingly,

**IT IS RECOMMENDED** that Petitioner Angel Fernandez Diaz's Petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 13th day of July, 2026.

Kayla Dye McClusky
Kayla Dye McClusky
United States Magistrate Judge